# In the United States Court of Federal Claims

No. 22-531C

(E-Filed:  July 12, 2022)

**NOT FOR PUBLICATION**

| | |
|---|---|
| LESLIE R. HASTINGS, JR., | ) |
| | ) |
| Plaintiff, | ) Pro Se Complaint; RCFC 12(b)(1); |
| | ) Dismissal for Lack of Jurisdiction; |
| v. | ) RCFC 12(h)(3); RCFC 12(b)(6); |
| | ) Failure to State a Claim. |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Leslie R. Hastings, Jr., Lamesa, TX, pro se.

Bret R. Vallacher, Trial Attorney, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

Pending before the court is defendant's motion to dismiss plaintiff's complaint in this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).  See ECF No. 8.  Plaintiff responded on June 6, 2022, see ECF No. 11, and defendant filed its reply on June 16, 2022, see ECF No. 22.  The motion is now fully briefed and ripe for decision.

The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the following reasons, defendant's motion to dismiss plaintiff's complaint is **GRANTED**.

I.      Background

        A.      Procedural History

        Plaintiff filed his pro se complaint in this court on May 10, 2022.[1]  See ECF No.
1.  Plaintiff has since also filed nineteen motions in this matter, including:  (1) motion
for summary judgment or partial summary judgment, ECF No. 9; (2) motion to appoint
counsel, ECF No. 12; (3) motion for attachment or sequestration, ECF No. 13; (4)
motion for bond, motion to stay bond, ECF No. 16; (5) motion for judgment as a matter
of law in a jury trial, related motion for a new trial, ECF No. 17; (6) motion for jury trial
demand and issue transport order pursuant to RCFC 38, ECF No. 18; (7) motion for
relief from a judgment or order pursuant to RCFC 60, ECF No. 19; (8) motion to be
exonerated, no jury trial, ECF No. 20; (9) motion for a preliminary injunction, ECF No.
21; (10) motion for attorneys' fees and non-taxable costs pursuant to RCFC 23, ECF No.
23; (11) motion for joinder of claims, ECF No. 24; (12) motion for specially appointed
person to serve summons and complaint upon defendant, ECF No. 28; (13) motion for a
new trial, altering or amending judgment, ECF No. 30; (14) motion for findings and
conclusions by the court, ECF No. 31; (15) motion for intervention, ECF No. 32; (16)
motion for pardon, ECF No. 33; (17) motion for sanctions, ECF No. 34; (18) motion for
statement of jurisdiction, ECF No. 35; and (19) motion to strike defendant's motion to
dismiss, ECF No. 36.  Because defendant's motion to dismiss challenges this court's
jurisdiction over plaintiff's claims, the court ordered that each of these motions be
stayed until the court rules on the merits of defendant's motion.  See ECF No. 14 at 1-2
(June 9, 2022 order staying plaintiff's motion to appoint counsel and motion for
attachment or sequestration and all future motions); ECF No. 10 at 4 (June 6, 2022 order
staying consideration of plaintiff's motion for summary judgment).

        Plaintiff has also filed several notices and supplemental briefs:  (1) notice of
limited resources, ECF No. 15; (2) second notice of limited resources, ECF No. 25; (3)
supplemental notice of complaint, ECF No. 27; (4) notice of counterclaim and cross-
claim, ECF No. 29; (5) supplemental brief regarding motion for new trial, altering or
amending judgments, ECF No. 37; (6) supplemental brief regarding supplemental
motion for judgment, ECF No. 38; (7) supplemental brief regarding statement of
jurisdiction, ECF No. 39; and (8) supplemental motion to join motions and to join
claims, ECF No. 41.  In addition, plaintiff filed a document titled "Response Why Case
Should Not Be Dismissed Pursuant to 28 USC § 2408 Security Not Required of United
States/Costs Are Taxable Against U.S.," ECF No. 26, and a summons, ECF No. 40.

---

[1]      This is plaintiff's second complaint before this court.  This complaint appears to be
related to the same criminal conviction that was the subject of his first case.  See ECF No. 1;
Hastings v. United States, Case No. 20-336, ECF No. 1 (complaint).

B.      Plaintiff's Factual Allegations

In his complaint, plaintiff alleges that he "is currently being wrongfully imprisoned and convicted by the United States for civil cases filed . . . for wrongful imprisonment." ECF No. 1 at 2. Specifically, he claims that:

> The United States is making it appear that the plaintiff's civil right[]s complaint (1983 civil suit form) is his "appeals." The United States Court of Appeals, Fifth Circuit issued mandates dismissing the "appeals" for not prosecuting and not timely filing required documents, which is also false according to the clerk's docket sheets.

Id. According to plaintiff he "was supposed to be released because his state conviction . . . was disposed of on April 17, 2019 by the Court of Criminal Appeals," but defendant "tried to [coerce] the plaintiff in filing a 2254 writ" and when he did not do so, defendant "used his filed civil complaints as his 'appeal.'" Id. at 4. Plaintiff contends that defendant violated his "4th, 5th, 6th, 7th, 8th, 13th and 14th United States Constitutional Rights," and failed to provide him with due process. Id.

Plaintiff alleges that this court has jurisdiction to adjudicate his claims pursuant to 28 U.S.C. § 1495 and § 1491(a)(1). See id. at 1. Plaintiff seeks "to be immediately released from detainment with all required relief filed in his 1983 civil suits to be granted, along with all other advisable fees just, to also include his criminal record expunged." Id. at 5. He also seeks "financial compensation of 3 trillion dollars for pain and suffering." Id.

II.     Legal Standards

A.      Pro Se Litigants

The court acknowledges that pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

B.      Jurisdiction

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

To invoke this court's jurisdiction, plaintiff bears the burden of establishing by a preponderance of the evidence that his claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

C.     Failure to State a Claim

When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This requires "more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.; see also Am. Bankers Ass'n v. United States, 932 F.3d 1375, 1380 (Fed. Cir. 2019) (the court is "not required to accept the asserted legal conclusions" in a plaintiff's complaint when assessing a motion to dismiss).

In evaluating a motion to dismiss for failure to state a claim, the court "primarily consider[s] the allegations in the complaint," but is "not limited to the four corners of the complaint," and may also look to the "matters incorporated by reference or integral to the claim." See Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (citations omitted); see also Terry v. United States, 103 Fed. Cl. 645, 652 (2012) (finding that the court may consider the allegations contained in the complaint, exhibits attached to the complaint, public records of which the court may take judicial notice, and documents appended to the motion to dismiss that are central to plaintiff's complaint).

III.   Analysis

A.     The Court Lacks Jurisdiction Over Plaintiff's Claims

Defendant argues that plaintiff's complaint should be dismissed for lack of jurisdiction.  <u>See</u> ECF No. 8 at 1.  Defendant notes that "the crux of [plaintiff's] complaint appears to be that other Federal courts have, in his view, wrongfully rejected his habeas [corpus] claims."  <u>Id.</u>  Plaintiff does not address this court's jurisdiction in his response.[2]  <u>See</u> ECF No. 11.

The court has carefully reviewed plaintiff's complaint and filings and has determined that the claims presented in plaintiff's complaint are, by their nature, related to the actions of the United States Court of Appeals for the Fifth Circuit or judges.  <u>See</u> ECF No. 1.  The gravamen of the complaint appears to be related to plaintiff's allegations that the Fifth Circuit violated his constitutional rights.  <u>See id.</u>  It is well-settled, however, that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction.  <u>Brown v. United States</u>, 105 F.3d 621, 624 (Fed. Cir. 1997). Jurisdiction is therefore lacking in this forum.

To the extent that plaintiff alleges that his conviction and imprisonment are incorrect or unjust, this court likewise has no jurisdiction.  The court does not have jurisdiction over criminal matters, and thus does not have the authority to consider plaintiff's complaint on this basis.  <u>E.g.</u>, <u>Joshua v. United States</u>, 17 F.3d 378, 380 (Fed. Cir. 1994).  It follows, also, that a request to set aside a criminal judgment is not within this court's jurisdiction.  <u>See id.</u> at 380 (stating that the court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts").

To the extent that plaintiff relies on the Tucker Act to establish jurisdiction, the Tucker Act does not give this court jurisdiction to consider the merits of a collateral attack on proceedings in other courts.  <u>See</u> 28 U.S.C. § 1491(a); <u>see, e.g.</u>, <u>Shinnecock Indian Nation v. United States</u>, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); <u>Vereda, Ltda. v. United States</u>, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting <u>Joshua v. United States</u>, 17 F.3d 378, 380 (Fed. Cir. 1994)).  To challenge proceedings in a federal district

---

[2]     The court notes that there are filings on the docket that purport to address jurisdiction.  <u>See</u> ECF No. 35 (plaintiff's motion for statement of jurisdiction); ECF No. 39 (plaintiff's supplemental jurisdiction statement).  Upon review, however, the court determined that neither filing substantively addresses this court's jurisdiction nor do they address defendant's arguments in its motion to dismiss.  Plaintiff has also filed a document titled "Plaintiff's Response Why Case Should Not Be Dismissed."  ECF No. 26.  That document also does not substantively address the merits of defendant's arguments in its motion to dismiss, nor does it address this court's jurisdiction.  <u>See id.</u>  The court, therefore, does not consider those filings here.

court or appeals court, a plaintiff must rely on "the statutorily defined appellate process." Shinnecock, 782 F.3d at 1353 (citation omitted).

For these reasons, the court lacks jurisdiction over plaintiff's claims, and his suit must be dismissed.  See RCFC 12(h)(3).

B.    To the Extent Plaintiff Alleged a Claim Pursuant to 28 U.S.C. § 1495, He Failed to State a Claim for Which Relief Can Be Granted

Plaintiff states in his complaint that this court has jurisdiction pursuant to 28 U.S.C. § 1495.  See ECF No. 1 at 1.  Defendant contends that plaintiff may be alleging a claim pursuant to 28 U.S.C. § 1495 because he seeks "immediate release from Texas state prison" and "monetary relief."  ECF No. 8 at 2.

The statute grants jurisdiction to this court "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."  28 U.S.C. § 1495.  To bring suit under this statute, a plaintiff must satisfy the conditions enumerated in 28 U.S.C. § 2513, including alleging and proving that the "conviction has been reversed or set aside on the ground that [plaintiff] is not guilty of the offense of which he was convicted . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction."  28 U.S.C. § 2513(a)(1).

According to defendant, however, plaintiff's conviction has not been reversed or set aside as is required to bring a suit for damages as a person unjustly convicted of an offense pursuant to 28 U.S.C. § 1495.  Id.  In support of its assertion, defendant notes that plaintiff remains incarcerated and that "the publicly available docket for [plaintiff's] case does not indicate that [plaintiff] was ever exonerated for his crime."  Id. at 3.  Defendant thus argues that plaintiff failed to adequately state a claim upon which relief can be granted.  See id. at 2-3.

In response, plaintiff states that his "conviction has been set aside on the ground he is not guilty of the offense of which he was convicted," and "[p]roof of the requisite facts shall be by a certificate (docket sheets) of the court . . . wherein such facts are alleged to appear."  ECF No. 11 at 1.

To the extent plaintiff intended to allege that he is entitled to damages as a result of a conviction that was overturned, plaintiff has pointed to no credible allegations or evidence that his conviction was overturned as is required by 28 U.S.C. § 1495.[3]  See

---

[3]    It is not clear to the court that plaintiff has, in fact, alleged a claim pursuant to 28 U.S.C. § 1495.  In the court's view, the gravamen of plaintiff's complaint is as the court described in Section A—related to the actions of the Fifth Circuit and plaintiff's criminal conviction.

ECF No. 1; ECF No. 11.  Plaintiff's own filings clearly indicate that he remains incarcerated, see, e.g., ECF No. 16 (plaintiff's motion seeking bond in which he requests that the court "order that the petitioner/plaintiff be released on bond pending appeal"), and that he now seeks to have his conviction overturned, see, e.g., ECF No. 20 (plaintiff's motion to be exonerated in which he states that he has or had exculpatory evidence for his state trial and requests that this court issue an acquittal); ECF No. 33 (plaintiff's motion for pardon seeking "in the 'interest of justice'" that the court "GRANT a pardon to the plaintiff for unjust conviction and imprisonment").  Without more, merely reciting the statutory requirements for a suit seeking damages for a wrongful conviction is not sufficient to state a claim for relief.  See, e.g., Bobka v. United States, 133 Fed. Cl. 405, 410 (2017).  Defendant's motion must, therefore, be granted.

C.    Plaintiff's Claims Are Frivolous and Merit a Strike Pursuant to 28 U.S.C. § 1915(g)

Congress enacted the "three strikes" rule in an attempt to discourage the filing of "'frivolous, malicious, or repetitive lawsuits.'"  Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)).  The rule states, in relevant part, that a prisoner may not bring an action in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  A complaint is frivolous where it "lacks an arguable basis either in law or in fact."  Neitzke, 490 U.S. at 325.

Plaintiff's request that this court consider his complaint against and about the Fifth Circuit and about his criminal conviction is "based on an indisputably meritless legal theory."  Neitzke, 490 U.S. at 327.  Even taking into account the consideration due to a pro se plaintiff, plaintiff's claims are so clearly outside the bounds of this court's jurisdiction that they lack any arguable basis in law or fact.  See id. at 325.  Therefore, plaintiff's claims are frivolous.  See id.

Because the court has found that plaintiff's claims are frivolous, this decision counts as a "strike" against plaintiff.  Coleman, 575 U.S. at 535.  According to the court's review of the federal court filing system, one court previously admonished

_____

However, because plaintiff cited the statute in his complaint and the parties addressed this issue in their briefing the court will also address it.

plaintiff against filing frivolous lawsuits in federal court and dismissed his complaint as a "qualifying dismissal under 28 U.S.C. § 1915." <u>Hastings v. Hendrix, et al.</u>, N.D. Tex., Case No. 20-118C, ECF No. 15 at 6 (February 1, 2021 order dismissing plaintiff's complaint). Therefore, this is plaintiff's second strike.

C.    Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate. Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631, which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

<u>Id.</u> In the court's view, transfer would not serve the interests of justice in this case. Plaintiff alleges some claims that appear to be appellate in nature—those related to his allegations about the Fifth Circuit—and some claims that appear to be new claims for relief—those related to plaintiff's constitutional allegations. <u>See</u> ECF No. 1 at 2, 4. Because appellate arguments and new claims would proceed in different courts, transfer would require this court to elect on plaintiff's behalf which claims he wishes to pursue. The court will not devise a litigation strategy for plaintiff, and as such, transfer is inappropriate in this instance.

IV.    Conclusion

Accordingly, for the foregoing reasons:

(1)    Defendant's motion to dismiss plaintiff's complaint, ECF No. 8, is **GRANTED**;

(2)    Plaintiff's motions, which are currently stayed, ECF No. 9, ECF No. 12, ECF No. 13, ECF No. 16, ECF No. 17, ECF No. 18, ECF No. 19, ECF No. 20, ECF No. 21, ECF No. 23, ECF No. 24, ECF No. 28, ECF No. 30, ECF No. 31, ECF No. 32, ECF No. 33, ECF No. 34, ECF No. 35, and ECF No. 36, are each **DENIED** as moot;

(3)     The clerk's office is directed to **ENTER** final judgment in defendant's favor, and **DISMISS** plaintiff's complaint as frivolous and for lack of jurisdiction, without prejudice;

(4)     Pursuant to 28 U.S.C. § 1915(g), this dismissal will count as plaintiff's second qualifying dismissal;

(5)     The court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, plaintiff's claims are clearly beyond the subject matter of this court; and

(6)     The clerk's office is directed to **REJECT** any future filings not in compliance with this court's rules, without further order of the court.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge